[No. 12435. *En Banc.* February 2, 1916.]

## D. C. BONTHUIS *et al.*, Respondents, v. GREAT NORTHERN RAILWAY COMPANY, *Appellant.*[1]

WATERS AND WATER COURSES—DAMAGES—OBSTRUCTIONS—EVIDENCE —SUFFICIENCY. A recovery for obstructing a stream and overflowing plaintiffs' lands is not sustained by the burden of proof, and should be set aside, where the plaintiffs' evidence of an alleged dam caused by defendant's accumulation of debris is very vague, no witnesses actually saw the dam during the overflow at high water, the debris collected after the water went down was not the result of defendant's operations, and defendant's evidence was to the effect that no debris was placed in the water by defendant, or collected to cause the overflow, but that the overflow was the natural result of floods.

Appeal from a judgment of the superior court for Lincoln county, McCroskey, J., entered November 6, 1913, upon the verdict of a jury rendered in favor of the plaintiffs, in an action in tort. Reversed.

*Charles S. Albert* and *Thomas Balmer*, for appellant.

BAUSMAN, J.—Defendant's railway goes through plaintiffs' land parallel to Crab creek. When floods raise the water to a certain old bed which is dry most of the year, the creek flows through this also, rejoining the main stream in a loop crossed by the tracks upon two trestles. The trestle at the upper or receiving mouth of this dry bed being washed away by a flood in 1909, the company rebuilt it with a broader span. In 1910, there was another flood, and this did much mischief within the loop to the land of plaintiffs, who lay it to the widening of the span and also to some clearing done by defendant.

Now the unruly stream not only overflows at every flood the entire neighborhood, but it damaged this land in 1909 through the same bed and trestle. Two things are plain: not only had plaintiffs' land been flooded through this bed

[1]Reported in 154 Pac. 789.

before the building of the railway, but it was not saved by
the railway embankment in 1909.  So far, then, as the griev-
ance is the rebuilding of this trestle with its wider span, we
have here no deflecting of surface waters, but only a going
back to original exposure.

Plaintiffs contend that, at least, in clearing its right of
way farther up, the company damaged them, because the
clearing let the flood down too rapidly into the dry bed.  It
seems that, after the flood of 1909 and before this of 1910,
the company cut down much growth of saplings and bushes
along the main creek above the intake of the dry bed, and
plaintiffs say that the debris was negligently allowed to float
down, dam the main creek opposite the intake, and aggra-
vate the inflow during the flood.

Here is a possible grievance in law were it one in fact, but
the grievance is ill-proved.  To begin with, the worst thing
the company could do as to itself, after its experience in
1909, was to dam the creek at this point.  It is consequently
improbable, and should be clearly proved.  Its workmen tes-
tified not only that no such dam accumulated, but that the
saplings and bushes had been burned as they cut them.  As
for plaintiffs' witnesses, they are on this point exceedingly
vague.  The dam they describe is composed of such debris
as is common after riot and overflow in any waters, and does
not resemble the growth that was cut.  But more, they do
not say that they actually saw any dam during the flood.
What they assert is that they saw this debris stretched
across the main channel after the waters went out.

Plaintiffs have not assisted the court by brief or argu-
ment, and we can find nothing to sustain their judgment, so
defendant's challenge to the evidence should have been sus-
tained.  Without deciding, if it were possible to pronounce
a general rule, what constitutes an unfair manner of turning
surface waters off one's own land to a neighbor's, it is clear
that there has been no unfairness shown here.  The burden
in this respect was on plaintiffs, for the company has a pri-

mary right, under familiar decisions of this court, to hurry the outflow of surface waters from its property. *Cass v. Dicks*, 14 Wash. 75, 44 Pac. 113, 53 Am. St. 859; *Harvey v. Northern Pac. R. Co.*, 63 Wash. 669, 116 Pac. 464.

Let the case be remanded and the action dismissed.

All concur.